**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff
Luis Gomez

| Luis Gomez,<br><br>Plaintiff,<br><br>- vs. -<br><br>Shine Services LLC, FirstService Residential New York, Inc., 604 West 178th Corp. and Ramesh Sarva,<br><br>Defendants. | DOCKET NO. 20-cv-4190<br><br>**COMPLAINT** |
|---|---|

Plaintiff Luis Gomez, by and through his undersigned attorneys, for his complaint against defendants Shine Services LLC, FirstService Residential New York, Inc., 604 West 178th Corp. and Ramesh Sarva, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff Luis Gomez alleges that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law; and (iii) liquidated damages pursuant to the

FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Mr. Gomez further complains that he is entitled to (i) compensation for defendants' failure to pay him the New York minimum wage; (ii) liquidated damages pursuant to New York Labor Law for this violation; and (iii) compensation for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3. Plaintiff Mr. Gomez is an adult individual residing in New York, New York.

4. Defendant Shine Services LLC is a New York limited liability company with a business address of 43-33 48th Street, Basement Office, Sunnyside, New York.

5. Defendant FirstService Residential New York, Inc. is a New York corporation with a place of business at 622 Third Avenue, 14th Floor, New York, New York.

6. Defendant 604 West 178th Corp. is a New York corporation with a business address of 43-33 48th Street, Basement Office, Sunnyside, New York.

7. At relevant times, each of the defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8. At all relevant times, each of the defendants, individually and collectively, has had gross revenues in excess of $500,000.00.

9. Upon information and belief, at relevant times herein, each of the defendants has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10. Upon information and belief, at relevant times, each of the defendants has constituted an "enterprise" as defined in the FLSA.

11. Upon information and belief, at all relevant times each of the defendants constituted joint employers of Mr. Gomez within the meaning of the FLSA and NYLL, in that each of the defendants controlled the terms and conditions of Mr. Gomez's employment.

12. Defendant Ramesh Sarva is an owner or part owner and principal of defendants Shine Services LLC, and 604 West 178th Corp., who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Defendant Ramesh Sarva was involved in the day-to-day operations of defendants Shine Services LLC, and 604 West 178th Corp., and played an active role in managing those businesses.

14. Defendants constituted "employers" of Mr. Gomez as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Gomez's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Gomez's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts and omissions that gave rise to this action took place in this district.

**FACTS**

17. At all relevant times herein, defendants owned and managed an apartment building located at 604 West 178th Street, New York, New York ("the Building").

18. Specifically, defendant 604 West 178th Corp. owned the Building, while defendants Shine Services LLC and FirstService Residential New York, Inc. managed the Building.

19. Mr. Gomez was employed at the Building from approximately May 2017 through April 2020.

20. Mr. Gomez was originally hired by defendant FirstService Residential New York, Inc. He went to FirstService Residential New York, Inc.'s office to apply for the job, filled out an application with the company, was hired by the company's manager, Tony Nezaj, was sent by Mr. Nezaj to take a drug test, and was then told by Mr. Nezaj that he had passed the test and was hired.

21. Afterwards, Mr. Gomez's work for defendants was solely at the Building.

22. Notices posted at the Building said that it was owned by defendant 604 West 178th Corp., and that residents who needed to contact management about building services should contact 604 West 178th Corp. ℅ FirstService Residential New York, Inc.

23. Mr. Gomez did not know the name Shine Services LLC, except that Shine Services LLC was the entity that issued Mr. Gomez his W-2 at the end of each year.

24. Mr. Gomez was employed as a building superintendent; his duties included keeping the building clean, handling the garbage and recycling, and shoveling snow.

25. Mr. Gomez's work was performed in the normal course of defendants' business and was integrated into the business

of defendants, and did not involve executive or administrative responsibilities.

26. At all relevant times herein, Mr. Gomez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

27. Mr. Gomez worked a regular schedule for defendants, seven days per week.

28. On Monday through Saturday, he worked roughly two hours in the morning, and on Sunday he worked three hours in the morning.

29. He then worked again in the evenings; on Monday through Wednesday, he worked roughly 5½ hours; on Thursday, 5 hours; on Friday, 4 hours; and on Saturday and Sunday, 3 hours.

30. As a result, he worked about 46½ hours per week each week of his employment.

31. Defendants did not provide a time clock, sign in sheet, or any other method for Mr. Gomez to track his time worked.

32. Mr. Gomez did not need to track his time worked, because defendants did not pay him any wages.

33. Rather, Mr. Gomez's only compensation for serving as building super was that he was allowed to live in the basement of the building.

34. Defendants did not issue Mr. Gomez any wage statements during the course of his employment.

35. As such, Mr. Gomez had no idea how defendants valued his compensation. However, at the end of the year, defendant Shine Services LLC issued Mr. Gomez a W-2 which indicated that they valued the basement room in which he was staying at roughly $1,700 per month, or $400 per week.

36. Upon information and belief, however, the basement room that Mr. Gomez was provided was not a legal apartment, and had no actual market value.

37. As a result, Mr. Gomez's effective rate of pay — zero — was below the statutory federal and New York minimum wage in effect at all relevant times.

38. Defendants' failure to pay Mr. Gomez an amount at least equal to the federal or New York minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

39. In addition, defendants failed to pay Mr. Gomez any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA.

40. Defendants failed to provide Mr. Gomez with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, at any point during his employment, in violation of New York Labor Law § 195 and the Wage Theft Prevention Act in effect at relevant times.

41. Defendants failed to provide Mr. Gomez with weekly records of his regular and overtime compensation and hours worked and allowances claimed, in violation of the Wage Theft Prevention Act.

42. Upon information and belief, while defendants employed Mr. Gomez, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(Fair Labor Standards Act – Minimum Wage)**

43. Mr. Gomez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, defendants employed Mr. Gomez within the meaning of the FLSA.

45. Defendants failed to pay a salary greater than the minimum wage to Mr. Gomez for all hours worked.

46. As a result of defendants' willful failure to compensate Mr. Gomez at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

47. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

48. Due to defendants' FLSA violations, Mr. Gomez is entitled to recover from defendants his unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**(New York Labor Law – Minimum Wage)**

49. Mr. Gomez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

50. At all relevant times, Mr. Gomez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated Mr. Gomez's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

52. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

53. Due to defendants' New York Labor Law violations, Mr. Gomez is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**

**(Fair Labor Standards Act - Overtime)**

54. Mr. Gomez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, defendants employed Mr. Gomez within the meaning of the FLSA.

56. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

57. As a result of defendants' willful failure to compensate Mr. Gomez at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

59. Due to defendants' FLSA violations, Mr. Gomez is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT IV**

**(New York Labor Law – Wage Theft Prevention Act)**

60. Mr. Gomez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, Mr. Gomez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated Mr. Gomez's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

63. Defendants willfully violated Mr. Gomez's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

64. Due to defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Mr. Gomez is entitled to recover from the defendants statutory damages of $250 per day throughout his employment, up to the maximum statutory damages.

65. Due to defendants' New York Labor Law violations relating to the failure to provide a wage notice, Mr. Gomez is entitled to recover from the defendants statutory damages of $50 per day from February 27, 2015 throughout his employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Gomez respectfully requests that this Court grant the following relief:

a. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

b. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA;

c. An award of liquidated damages as a result of defendants' willful failure to pay statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Liquidated damages for defendants' New York Labor Law violations;

e. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

f. Back pay;

g. Punitive damages;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other, further, and different relief as this Court deems just and proper.

Dated: May 27, 2020

_____________________________
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff